22-938-cv
Crown Asset Management, LLC v. Cunningham

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand twenty-two.**

**PRESENT:**
> **ROBERT D. SACK,**
> **BARRINGTON D. PARKER,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

---

**Crown Asset Management, LLC,**

> *Plaintiff-Appellee*,

> **v.**                                                           **22-938**

**Todd J. Cunningham,**

> *Defendant-Appellant.*

---

**FOR PLAINTIFF-APPELLEE:**                          No appearance.

**FOR DEFENDANT-APPELLANT:**                       Todd J. Cunningham, *pro se*,
                                                                    North Creek, NY.

Appeal from an order of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Todd J. Cunningham removed a $4,194.42 debt-collection action to federal court. The district court remanded it, and Cunningham appeals. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Cunningham argues that removal was proper. The propriety of removal is closely related to our jurisdiction over this appeal, which we have an "independent obligation to consider . . . *sua sponte*." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "An order remanding a case to the State court from which it was removed is not reviewable on appeal" unless the removal was pursuant to 28 U.S.C. §§ 1442 or 1443. 28 U.S.C. § 1447(d). To trigger the exception, the removal notice must make a "colorable" claim, not a "bare or frivolous invocation," under one of those provisions. *Agyin v. Razmzan*, 986 F.3d 168, 174 (2d Cir. 2021) (cleaned up).

Cunningham does not meet that standard. He asserts that he removed the case under section 1443(1), which allows removal of actions "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1).[1] This statute allows for removal only where the asserted civil right relates to racial equality. *See Georgia v. Rachel*, 384 U.S. 780, 792 (1966).

---

[1] Cunningham specifically disclaims any argument for federal jurisdiction over the removed action based on his counterclaims.

But Cunningham's allegations relate to state-court judges' alleged loyalties to fraternal organizations, not racial equality.

Moreover, section 1443(1) "normally requires that the denial be manifest in a formal expression of state law," unless "an equivalent basis could be shown for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (cleaned up). Cunningham fails to show that the unequal treatment he fears results from a formal law or some other equivalent basis.

In sum, Cunningham makes only a "bare or frivolous invocation" of section 1443(1), so we lack appellate jurisdiction under section 1447(d). *Agyin*, 986 F.3d at 174 (cleaned up). We have considered the remainder of Cunningham's arguments and find them to be without merit. Accordingly, we **DISMISS** this appeal for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3